# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Matthew Myers, as Trustee for the Next of
Kin of Casey Myers and Simon Myers,

        Plaintiff,

vs.

**COMPLAINT**

Haselby Trucking, LLC, D & L Transport,
LLC, and Corey Planck,

        Defendants.

## INTRODUCTION

1. This is a wrongful death action brought by Matthew Myers, Trustee for the Next of Kin of decedents Casey Myers, his wife, and Simon Myers, his son. On the morning of December 17, 2018, decedent Casey Myers was driving to work on County Road 4 in LeSauk Township, Minnesota. Ms. Myers, pregnant with Simon, stopped at a stop sign at the intersection of County Roads 4 and 133, a four-way stop intersection. As she proceeded through the intersection with the right-of-way, Defendant Corey Planck plowed through a stop sign in his semi-truck and t-boned Ms. Myers' vehicle. The crash caused the death of 30-year-old Casey Myers, and Simon Myers died shortly after an emergency cesarean section.

## THE PARTIES

2. Plaintiff Matthew Myers is a citizen of Minnesota. Mr. Myers was the husband of Casey Myers and the father of Simon Myers.

1

3. Mr. Myers was appointed Trustee for the Next of Kin by Order dated March 20, 2019 in Minnesota Seventh District Court, Stearns County, Court File 73-CV-19-2202 (Judge Kundrat).

4. Defendant Haselby Trucking, LLC, is a limited liability company incorporated under the laws of Indiana. Haselby is a freight shipping and trucking company with its principal place of business in Royal Center, Indiana.

5. Defendant D & L Transport, LLC, is limited liability company incorporated under the laws of Kansas. D & L Transport is a freight broker with its principal place of business in Overland Park, Kansas.

6. Defendant Corey Planck ("Planck") is a citizen of Indiana and, at all relevant times, Haselby's employee or agent.

## JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 as the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states—namely Minnesota, Indiana, and Kansas.

8. Pursuant to 28 U.S.C. § 1391, venue is proper in the District of Minnesota as the negligent events and omissions leading to this action occurred within the District.

## FACTUAL ALLEGATIONS

*Pre-Collision*

9. In the days before the collision, Defendant D & L Transport, a freight broker, was hired by Krauter Solutions, located in Indianapolis, Indiana, to arrange for the transportation of a load to Pete's Pre-Hung & Millwork in St. Joseph, Minnesota.

10. Subsequently, D & L Transport assigned Haselby to pick up the load in Indianapolis and deliver it to St. Joseph.

11. Defendant Planck was assigned by Haselby to pick up and deliver the load.

12. Upon information and belief, Planck had delivered the load, operating a Haselby-owned tractor and flat-bed trailer, in St. Joseph before the collision.

*Collision*

13. On the morning of December 17, 2018, decedent Casey Myers was driving to work on County Road 4 in LeSauk Township, Minnesota.

14. While driving on County Road 4, Ms. Myers stopped at a stop sign at the intersection of County Road 4 and CR 133.

15. At approximately 7:45 a.m., when Ms. Myers began proceeding through the stop sign, owning the right of way, Defendant Planck ran a stop sign in his semi-truck causing a collision with Ms. Myers' vehicle.

*Aftermath of Collison*

16. Following the collision, Ms. Myers, who was 24 weeks pregnant with decedent Simon Myers, was transported by ambulance to the hospital.

17. Ms. Myers was unresponsive upon arrival to the hospital and had significant trauma to the back of her head.

18. An emergency Cesarian section was performed to deliver Simon Myers.

19. Unfortunately, Simon lived only 22 minutes and died.

20. After Simon was delivered, Ms. Myers also died.

21. As a result of the Defendant Planck's acts and omissions, he was charged (and convicted) with criminal vehicular homicide and criminal vehicle operation in violation of Minn. Stat. § 609.2112, subd. 1(a)(1) arising from the death of Ms. Myers and Simon.

## CAUSES OF ACTION

Plaintiff realleges all allegations contained in paragraphs 1 through 21 and incorporates the paragraphs by reference:

### COUNT I: NEGLIGENCE (PLANCK)

22. Defendant Corey Planck had a duty to act reasonably and to use due care while operating the truck. This duty included maintaining a proper lookout, obeying state and federal laws and regulations, maintaining proper speed, obeying stop signs, appropriately yielding the right-of-way, and controlling his vehicle in a manner to avoid a collision.

23. Defendant Planck breached this duty by failing, among other omissions, to (1) maintain a proper lookout; (2) operate the truck in a reasonable and prudent manner; (3) yield the right-of-way; (4) obey a stop sign; and (5) use reasonable and ordinary care under the circumstances.

24. As a direct and proximate result of Planck's negligence, Plaintiff, and other next of kin, suffered damages.

### COUNT II: NEGLIGENCE *PER SE* (PLANCK)

25. The negligent actions of Planck were in violation of Minnesota and federal laws and regulations, including Minn. Stat. § 169.06, subd. 4, Minn. Stat. § 169.20, subds. 3 and 4, Minn. Stat. § 609.2112, and 49 C.F.R. § 392.2, among other laws, and constitutes negligence *per se*, or is otherwise evidence of negligence.

26. As a direct and proximate result of Defendant Planck's negligence *per se*, Plaintiff, and other next of kin, suffered damages.

### COUNT III: VICARIOUS LIABILITY/*RESPONDENT SUPERIOR* (HASELBY)

27. Defendant Planck, at all times relevant, was an agent or employee of Defendant Haselby Trucking, LLC and acting within the scope of his employment or agency at the time of the aforementioned incident.

28. Haselby, all times relevant, controlled or had the right to control the performance of Planck's duties.

29. The aforementioned acts of Planck occurred while in the scope of his agency/employment and while furthering the business interests of Haselby.

30. As the principal/employer for Planck, Haselby is responsible for all the acts committed by Planck while in the scope of their agency/employment.

31. Under the doctrine of *respondent superior*/vicarious liability, as the principal/employer for Planck, Haselby is responsible for the acts of Planck, who operated his truck in a negligent manner while in the scope of its agency/employment, which resulted in damages suffered by Plaintiff and other next of kin.

## COUNT IV: OWNERSHIP LIABILITY (HASELBY)

32. Defendant Planck, at all times relevant, was driving a truck owned by Defendant Haselby Trucking, LLC with its full knowledge, consent, and acquiescence.

33. Pursuant to Minnesota Statute section 169.09, subd. 5a, Haselby, as owner of the truck, is liable for the negligence of Planck, as described above.

## COUNT V: NEGLIGENT HIRING, SUPERVISION, AND RETENTION (HASELBY)

34. Defendant Haselby Trucking, LLC had a duty to exercise reasonable care in hiring, supervising, and retaining individuals, including Defendant Planck, to ensure safe driving practices by its commercial truck drivers.

35. Haselby negligently failed these duties.

36. Upon information and belief, Haselby had notice of prior problems and/or incidents with Planck that occurred both before and after he was employed that put it on notice of his inability, and/or likely possibility of his inability, to adequately and safely operate the truck he was driving at the time of the incident.

37. Haselby is liable for the damages caused by its negligence in the hiring, supervising, and retention of Planck.

### **COUNT VI: NEGLIGENCE (D & L TRANSPORT LLC)**

38. Defendant D & L Transport, LLC, had a duty to exercise reasonable care in selecting hiring, supervising, and retaining motor carriers and drivers, including Defendant Haselby Trucking, LLC, and Planck.

39. D & L Transport negligently selected, hired, supervised, and/or retained Haselby Trucking to transport freight from Indiana to Minnesota.

40. Upon information and belief, D & L Transport had notice of Haselby Trucking's inability, and/or likely possibility of its inability, to adequately and safely operate safely at the time of the incident.

41. D & L Transport is liable for the damages caused by its negligence in the selection, hiring, supervising, and retention of Haselby Trucking.

### **COUNT VII: VICARIOUS LIABILITY/*RESPONDENT SUPERIOR* (D & L TRANSPORT, LLC)**

42. Defendant Haselby Trucking, LLC, at all times relevant, was an agent of Defendant D & L Transport, LLC and acting within the scope of its employment or agency at the time of the aforementioned incident.

43. D & L Transport, all times relevant, controlled or had the right to control the performance of Haselby Trucking.

44. The aforementioned acts of Haselby Trucking, LLC (and its employee Planck) occurred while in the scope of its agency/employment and while furthering the business interests of D & L Transport.

45. As the principal for Haselby Trucking, D & L Transport is responsible for all the acts committed by Haselby Trucking, and its employees, while in the scope of their agency.

46. Under the doctrine of *respondent superior*/vicarious liability, as the principal for Haselby Trucking, D & L Transport is responsible for the acts of Hasebly Trucking, and its employees, who operated in negligent manner while in the scope of its agency, which resulted in damages suffered by Plaintiff and other next of kin.

### COUNT VIII: PUNITIVE DAMAGES (PLANCK)

47. Minnesota law provides that punitive damages shall be allowed in civil actions upon clear and convincing evidence that the acts of the defendant show deliberate disregard for the rights or safety of others. *See* Minn. Stat. § 549.20, subd. 1(a).

48. Planck deliberately disregarded the rights and safety of Casey Myers, and others, by failing to devote his attention to the road and running a stop sign while driving a semi-truck.

49. Planck deliberately proceeded with knowledge of, or intentionally disregarded, the following facts:

    a. Despite being unable to drive without being distracted, Planck proceeded to drive his semi-truck anyway.

    b. While driving, Planck used his GPS, which caused him to be distracted.

    c. Planck operated his truck with the front windshield tint greater than 70 percent.

    d. Planck operated his truck with the front windshield obstructed by two transponders being mounted in his sight line.

    e. Plank failed to observe the yellow "stop sign ahead" sign that was posted approximately 840 feet from the stop line at the intersection.

50. These acts created a high probability of injury to the rights and safety to Casey and Simon Myers, and others.

51. Planck acted with indifference to the high probability of injury to the rights and safety to Casey and Simon Myers, and others, by proceeding with driving in a distracted manner.

## COUNT IX: PUNITIVE DAMAGES (HASELBY)

52. Minnesota law provides that punitive damages can be properly awarded against a master or principal because of an act by the agent when (1) the principal authorized the doing and the manner of the act and/or (2) the agent was unfit and the principal deliberately disregarded a high probability that the agent was unfit. *See* Minn. Stat. § 549.20, subd. 2.

53. Planck was an agent (and employee) of Haselby, the principal.

54. Haselby owned the semi-truck that was driven by Planck.

55. Haselby authorized, and assigned, Planck to drive said semi-truck on the day of the crash.

56. The semi-truck had multiple safety violations, including the front windshield tint being greater than 70 percent and the front windshield being obstructed by two transponders.

57. Haselby also authorized Planck's use of his cell phone and GPS while driving, and communicated with Planck while he was operating the semi-truck.

58. Haselby deliberately disregarded the high probability that Planck was unfit.

59. Haselby knew, or should have known, that Planck was unfit to operate the semi-truck in a safe and legal manner due to his prior driving history, including, but not limited to, multiple traffic law violations in the years prior to the collision.

## **DEMAND FOR JUDGMENT**

Plaintiff Matthew Myers, as Trustee for the Next of Kin of Casey Myers and Simon Myers, seeks judgment against Defendants in a sum in excess of Seventy-Five Thousand Dollars ($75,000), jointly and severally, for all damages in an amount determined by the jury, together with costs and disbursements, interest, and all other such other relief as the Court deems just.

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL**

|  |  |
|---|---|
|  | **CONLIN LAW FIRM LLC** |
| Dated: August 19, 2021 | /s/ *Stacy Deery Stennes*<br>Thomas J. Conlin, 139555<br>Stacy Deery Stennes, 390735<br>Taylor B. Cunningham, 400041<br><br>600 Highway 169 South, Suite 1650<br>Minneapolis, MN  55426<br>Telephone: (952) 252-0490<br>Service Email: CLF@conlinlawfirm.com<br><br>**ATTORNEYS FOR PLAINTIFF** |